SILBERMAN, Senior Circuit Judge,
concurring.
I fully agree with the court’s opinion. Petitioners, without citing the case, are relying, in part, on the holding of the Supreme Court in Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892). In that case, the Court was faced with a statute that unequivocally made it a crime to assist or encourage any alien to move to the United States to perform “labor or service of any kind.” Id. at 458, 12 S.Ct. 511 (emphasis added). The Church had brought a minister from England to lead a New York congregation. The Court looked to legislative history to conclude that Congress was concerned with the importation of cheap, unskilled labor — not the likes of a clergyman (although, just as in our ease, nothing in the legislative history indicated a limit on the broad statutory language). The Court fatefully said, “a thing may be with *672 in the letter of the statute and yet not within the statute because not within its spirit, nor within the intention of its makers.” The seminal article criticizing that approach is John Manning, Textualism and the Equity of the Statute, 101 Columbia L.Rev. 1,14 (2001).
Holy Trinity Church has been used by the Supreme Court ever since — at least up to recent times — to justify statutory interpretation which, in truth, accorded with a judicial view, of wise policy. See, e.g., NLRB v. Fruit and Vegetable Packers and Warehousemen Local 760, 377 U.S. 58, 72, 84 S.Ct. 1063, 12 L.Ed.2d 129 (1964). However, even justices who might have otherwise been sympathetic to the Holy Trinity “methodology” would not have been inclined to favor petitioners’ policy position.